E. J. Smith et al *v.* R. C. Lady et al.

Wills—Incapacity of Testator—Undue Influence—Age—Disease.

> A testator, in making his last will and testament, unequally dis-. tributed his estate amongst his children, excluding entirely two of them, in disregard of a previous expressed intention to make provision for them in at least, an equal share of the estate. Other more fortunate children, as shown by evidence, compelled the testator, who was aged, and physically infirm, but of sound mind, against his expressed wish, to send one of the children away from his home and deny her his hospitality, at a time when she was prostrated by sickness, and had been previously taken by her father, the testator, to his home to receive such treatment and care as her condition required. Held to show such undue and improper influence over the mind of the testator, as to render void the will excluding two of the children from participation in the estate.

APPEAL FROM LYON CIRCUIT COURT.

May 23, 1868.

Opinion of the Court by Judge Hardin :

A paper propounded as the will of Benjamin Bambray, deceased, having been adjudged not to be the last will and testament of said decedent, this appeal is prosecuted from that judgment by parties named as devisees in the supposed will.

The establishment of the will was contested by part of the heirs on the ground of incapacity in the testator and undue influence exerted upon him by E. J. Smith and wife and others, preferred as devisees.

As to the testator's competency to dispose of his estate by will, it may suffice to observe, that although he was over 80 years old, and physically infirm, it appears by a decided preponderance of the evidence that he was of sound mind when the will was made, and capable of making a rational disposition of his property, if left free to do so according to his own judgment and wishes.

But although age and disease had not destroyed the testator's capacity, they had certainly impaired it, and rendered the will of Brambray more liable to be overcome and controlled by those who possessed his confidence and might seek to abuse it.

Smith appears to have possessed his confidence, and there is

evidence in the record strongly conducing to show that he employed the advantage it gave him, to prejudice Bambray against George Lady, another son-in-law; and both Smith and his wife, and some of the other devisees, are shown to have atempted to induce said Bambray to distribute his estate to the exclusion of his daughters Catharine Lady and Martha Lady. And there is evidence in this record conducing to show that Smith and his wife had acquired such controlling power over Bambray as to compel him against his own expressed wish to send one of his said daughters from his house and withhold from her his hospitality, at a time when she was prostrated by sickness, and had been taken by her father to his home to receive such treatment and care as her condition required.

There is evidence in this record that Bambray when younger and less susceptible to improper influences, intended to make, an apparently more just and equitable division of his estate than that which is directed by the will in contest. The apparent harshness with which the two daughters Catharine and Martha Lady were entirely excluded, in disregard of a previous intention to give them at least an equal share of the estate, is not explained in the will, or otherwise, unless it be by the facts and circumstances importing the exercise of an undue and improper influence over the mind of the testator by the devisees named in the will.

We are of the opinion that the verdict and judgment in the court below were in accordance with the preponderance of the evidence.

Wherefore, the judgment is affirmed.

*Scott, for appellants.*

*James, for appellees.*